

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# USA v. Hector Roldan-Luna

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Hector Roldan-Luna" (2009). *2009 Decisions.* Paper 1573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3063
_____

UNITED STATES OF AMERICA

v.

HECTOR ROLDAN-LUNA, a/k/a Santo

Hector Roldan-Luna,*
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No.02-cr-00087-9)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 23, 2009

Before:  RENDELL, AMBRO, and JORDAN, Circuit Judges.

(Filed: April 7, 2009)
_____

OPINION OF THE COURT
_____

_____

   *  We note that Appellant's last name has been spelled two different ways within the record:  "Roldan-Luna" and "Roland-Luna."  We use "Roldan-Luna" in our Opinion and Judgment, as it is the spelling used throughout the docket of the District Court case from which this appeal arises.

RENDELL, Circuit Judge.

On April 23, 2004, Appellant Hector Roldan-Luna pled guilty before the District Court for the Middle of Pennsylvania to a charge of conspiracy to distribute and possess with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846. He was sentenced on November 23, 2004 to 210 months in prison.

After the passage of Amendment 706 to the United States Sentencing Guidelines, Appellant moved to have the District Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court decided that Appellant's subsequent guilty plea and sentencing for third degree murder and criminal attempt to commit third degree murder weighed against a sentence reduction. We will affirm the District Court's Order denying the sentence reduction motion.[1]

After Appellant pled guilty to the drug charge in the District Court, he pled guilty in state court to third degree murder and attempt to commit third degree murder for shooting two men connected with a rival drug trafficking operation. These charges resulted in an 8-18 year prison sentence.

---

[1]We have jurisdiction to review a District Court's denial of sentence reduction under 28 U.S.C. § 1291. *United States v. Idone*, 38 F.3d 693, 696 (3d Cir. 1994). We exercise plenary review over the District Court's legal conclusions. *Id.* We review a District Court decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2007).

Thereafter, Appellant filed a motion under 18 U.S.C. § 3582(c)(2), which allows for the *ex post* reduction of a sentence if it was based on a sentencing range that is later lowered by the Sentencing Commission.

The District Court considered Appellant's subsequent conviction for murder and attempted murder in light of public safety factors, a consideration discussed in Application Note 1(b)(ii) to § 1B1.10 of the sentencing guidelines. The District Court denied Appellant's motion for a sentence reduction after considering these public safety factors, and noting that the 210 month sentence still fell within the revised sentencing range, albeit at the top of the new range instead of the bottom of the original range.

A district court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a)," if the Sentencing Commission subsequently reduces the applicable sentencing range. 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 706 generally has the effect of "decreas[ing] by two levels the base offense levels for crack cocaine offenses." *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008). When considering a sentence reduction under 18 U.S.C. § 3582(c)(2), the District Court shall consider a number of factors, including public safety concerns such as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction . . . ." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B)(ii) (2008).

Appellant had been sentenced to 210 months in prison, the minimum sentence within the original recommended 210-262 month guideline range. After applying the

3

Amendment 706 reduction, the recommended sentencing range for Appellant's crime of conviction would be 168-210 months. The District Court considered Appellant's subsequent guilty plea to murder in light of the Application Note 1(B)(ii) public safety concerns, and denied Appellant's motion to reduce sentence.

Appellant argues that the District Court somehow treated the public safety considerations of Application Note 1(B)(ii) as requiring a mandatory sentence, and, as a result, denied his request for sentence reduction. This, he urges, violates the Supreme Court's holding that the sentencing guidelines are advisory only. *See Kimbrough v. United States*, 552 U.S. ---; 128 S.Ct. 558, 564 (2007). As support, Appellant points to certain language from the District Court Order denying his request for reduction: "[C]onsideration of public safety factors, *as required* by Application Note 1(b)(ii) to § 1B1.10 . . . *militates* against a reduction . . . ." (App. 34-35 (emphases added).) This lacks merit. The District Court considered certain factors, including public safety concerns, in making its ultimate discretionary sentencing decision, but clearly understood this was discretionary, and decided that Appellant's murder conviction counseled against any reduction in sentence. In light of the District Court's stated reasons, and considering the fact that Appellant's 210 month sentence still falls within the revised guideline range, we cannot say that the District Court abused its discretion in denying Appellant's motion to reduce sentence.

4

In light of the foregoing, we conclude that the District Court was within its discretion to deny Appellant's motion to reduce sentence, and we will accordingly AFFIRM the District Court's Order.